UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARTIN DAVIS,

                        Plaintiff,

        - against -

TOWN OF HEMPSTEAD, MERIK R.
AARON, individually and as Deputy
Town Attorney, JOHN and JANE DOES
1-10, VINCENT FERDICO, individually
and in his official capacity, DAVID
CHAUMONT, individually and in his
official capacity, ERIC NYMAN,
individually and in his official capacity,
JAMES MARTINO, PAUL GRESSIN,
individually and as Hewlett Fire
Commissioner, MARCO BENEDETTO
and COUNTY OF NASSAU,

                        Defendants.

97-CV-4377
(TCP) (MLO)

MEMORANDUM
AND
ORDER

------------------------------------------------------------X

PLATT, District Judge.

        In a Summary Order dated January 24, 2006, the Court of Appeals for the Second Circuit affirmed this Court's grant of summary judgment to the individual defendants, but vacated the Court's judgment insofar as it dismissed Plaintiff's claims against the Town of Hempstead (the "Town") with regard to the 1997 incident and remanded for further proceedings consistent with its Order. The Second Circuit held: (i) that *res judicata* could not be invoked as a basis for

granting summary judgment in favor of the Town, and (ii) that it could not conclude that Plaintiff had failed to raise a genuine issue of material fact concerning a basis for municipal liability. The Court relied upon Gronowski v. Spencer for the proposition that a municipality may be held liable pursuant to 42 U.S.C. § 1983 "when a city policymaker takes action that violates an individual's constitutional rights." 424 F.3d 285, 296 (2d Cir. 2005). In that case, on the basis of circumstantial evidence, a jury held the municipality liable for the actions of its mayor in the termination of a municipal employee allegedly in retaliation for her political beliefs. Id. The Court herein, however, is concerned that the appellate court may have equated the retaliatory and individual acts of a policymaker with the quasi-judicial act taken by the Town Board.

In light of the Circuit Court's finding that it is unable to conclude that Plaintiff has failed to raise a genuine issue of material fact concerning a basis for municipal liability, this Court hereby orders the parties to submit to the Court within ten days of the date of this order, cross-briefs addressing the issue posed by the Second Circuit, namely whether the entry of the agents of the Town on Davis's property on August 14, 1997, pursuant to a resolution of the Town Board was in and of itself a custom or policy allegedly giving rise to a constitutional violation, or whether it was an action taken as a consequence of the February 25, 1997 evidentiary hearing ordered by the Town, in which Plaintiff and his counsel

participated, followed by their untimely application for a stay to the Supreme Court of Nassau County, which allegedly constituted a constitutional violation.

SO ORDERED.

                                                   s/s Thomas C. Platt
                                                  Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
        March 8, 2006